**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ANGELA WARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON MARK LLC,<br><br>Defendant. | Civil Action No. 3:26-cv-2319<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Angela Ward, individually and on behalf of the Class of all persons similarly situated, files this Class Action Complaint against Johnson Mark, LLC ("Johnson Mark" or "Defendant"), and alleges as follows:

**I.      INTRODUCTION**

1.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

3.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez*

1

*v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

5.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

## II.    PARTIES

6.      Plaintiff Angela Ward is, and at all relevant times has been, a resident and citizen of Terrell, Kaufman County, Texas. Plaintiff received a collection letter from Defendant.

7.      Defendant Johnson Mark LLC is a Utah limited liability company with its principal place of business in Sandy, Utah that collects debts throughout the State of Texas, including in this District.

8.      Defendant is a debt collector, as that term is defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

9.      Defendant also acts as a debt collector as defined by § 1692a(6) of the FDCPA as Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

## III.    JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because, upon information and belief: (i) there are 100 or more Class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one member of the class of plaintiffs and one defendant are citizens of different States. This Court has subject matter jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331

2

and 15 U.S.C. § 1692k(d). This Court may exercise supplemental jurisdiction over Plaintiff's state-law claims under the TFDCPA and DTPA pursuant to 28 U.S.C. § 1367(a).

11.    This Court has specific personal jurisdiction over Defendant because it conducts business in Texas, has purposefully availed itself of the benefits and protections of Texas by continuously and systematically conducting substantial business in this judicial district, directing advertising and marketing materials to districts within Texas, and intentionally and purposefully seeking to collect consumer debts within the districts of Texas and throughout the United States with the expectation and intent that consumers would pay them, and it has illegally collected and profited from these collection efforts.

12.    Venue is proper in this Court, as it is the district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Plaintiff resides in the Northern District of Texas, and Defendant directed its collection efforts, including mailing a letter (with the intent to collect a consumer debt) to Plaintiff at her home in the Northern District of Texas.

## IV.    ARTICLE III STANDING

13.    Plaintiff has Article III standing to bring her FDCPA claim against Defendant because Defendant's communications in attempt to collect an alleged debt constitute an unwanted intrusion upon her solitude, seclusion, and peace and quiet, which are common law analogues to the FDCPA violations asserted below. *See Vazzano v. Receivable Mgmt. Servs., LLC*, 621 F. Supp. 3d 700, 709 (N.D. Tex. 2022) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S. Ct. 2190, 2204 (2021)); *see also Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) ("The harm posed by unwanted text messages is analogous to that type of intrusive invasion of privacy.").

14.    Plaintiff's standing arises from violations of her statutory rights under §§ 1692g(a), 1692g(b), 1692e, and 1692d of the FDCPA, which are designed to prevent misleading, abusive, and unfair collection practices.

15.    Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled about the legal status of a debt or treated unfairly with respect to any action for the collection of any consumer debt.

16.    Moreover, the emotional distress Plaintiff experienced is a sufficient concrete injury to establish Article III standing. *See Mayfield v. LTD Fin. Servs., L.P.*, No. 4:20-CV-01966, 2021 WL 4481089, at *4 (S.D. Tex. Sept. 30, 2021) (citing *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 169 (5th Cir. 2016) ("[E]motional harm satisfies the 'injury in fact' requirement of constitutional standing.")); *see also Smith v. Moss Law Firm, P.C.*, No. 18-2449, 2020 WL 584617, at *5 (N.D. Tex. Feb. 6, 2020).

17.    Defendant's attempt to collect an alleged debt from Plaintiff by sending a collection letter with a truncated validation period is the type of harassment and invasion of privacy that Congress sought to protect by enacting FDCPA.

18.    Defendant's communications to collect an alleged debt from a consumer "disadvantages other debt collectors," who properly follow FDCPA. 15 U.S. Code § 1692 (Congressional findings and declaration of purpose).

## V.    CLASS ALLEGATIONS

19.    Plaintiff brings this action as a class action and as the representative of the Class defined below. This action is brough and may be maintained under Federal Rule of Civil Procedure 23.

20.    Plaintiff brings this action on behalf of herself and all other individuals who meet the following Class definitions:

a. All non-excluded persons, being citizens of Texas, from whom Johnson Marks attempted to collect a consumer debt by mailing a letter substantially in the form of the Collection Letter attached hereto as <u>Exhibit A</u> which truncated the time the consumer had to dispute or request validation of the debt to a period less than 30 days from the consumer's receipt of the letter, and which letter was mailed within one year of the filing of this Class Action Complaint.

b. Excluded from the Class are: (1) persons who are not citizens of Texas, (2) agencies, departments, or instrumentalities of the United States of America, (3) employees, officers and directors of Johnson Mark, and (4) all persons who properly execute and file a timely request for exclusion from the Class.

21. The number of members in the Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable.

22. Members of the Class are so numerous and spread out across the state of Texas that joinder of all is impractical.

23. Johnson Mark sends hundreds and potentially thousands of letters to consumers each month attempting to collect consumer debts and falsely advising them of their statutory rights.

24. Johnson Mark sues thousands of consumers across the state of Texas each year, and it is reasonable to assume that many if not all of those consumers have been sent Letters substantially similar to the Collection Letter attached hereto as Exhibit A.

25. Johnson Mark has within its possession of control records that identify all persons to whom it sent letters. The actual number in the Class can be established through discover of Johnson Mark's books and records.

26. Among the questions of law and fact that are common to the Class members are:

a. Whether Johnson Mark is a "debt collector" under the FDCPA;

b. Whether Johnson Mark's conduct violates the FDCPA; and

c. Johnson Mark's liability for such violations.

27.     Plaintiff's claims are typical of the members of the Class because she received the Collection Letter from Johnson Marks attempting to collect a consumer debt, and she seeks no relief that is antagonistic or adverse to other members of the Class.

28.     Plaintiff is committed to the vigorous prosecution of this action and has retained counsel who are competent in the prosecution of class actions, FDCPA claims and complex litigation. Accordingly, Plaintiff will fairly and adequately protect and represent the interests of each class member.

29.     Questions of law or that are common to the members of the Class are substantially similar and predominate over any questions affecting only individual class members, and a class action is the only appropriate method for fair and efficient adjudication of this controversy for these reasons:

a.  The statutory damages available and any actual damages involved are too small to justify individual actions,

b.  The costs of individual actions would unreasonably consume the amounts that would be recovered,

c.  Individual actions would unduly burden the justice system, and

d.  Individual actions brough by class members would create a risk of inconsistent results and unnecessarily duplicate this litigation.

30.     This district represents the most desirable forum for this litigation of the claims of the Class as a substantial portion of the acts giving rise to the claims of the Class occurred in this district.

31.     Plaintiff does not anticipate any difficulty in managing this action because the evidence proving Johnson Mark's FDCPA violations is easily ascertainable through discovery. The identities of the class members are known by Johnson Mark, damages can be  easily calculated from Johnson Mark's records, and any statutory or punitive damages will be decided by this Court and a jury.

## VI.    STATEMENT OF FACTS

32.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors**. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

33.    Plaintiff incurred a financial obligation originally owed to Comenity Capital Bank, N.A. (the "Original Creditor") for an account ending in 8112 (the "Debt" or the "Account").

34.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

35.    The Debt was incurred primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

36.    The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

37.    Plaintiff was unable to pay the Debt.

38.     After Plaintiff was unable to pay the Debt, the Original Creditor placed the Debt in default.

39.     The Original Creditor then charged off the Account and, through a series of transactions, sold the Account to LVNV Funding, LLC ("LVNV") for fractions of a penny on the dollar.

40.     LVNV retained the services of Johnson Mark to aid it in the collection of the Debt.

41.     Johnson Mark is considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

42.     Johnson Mark regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

43.     Johnson Mark uses the instruments of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

44.     Johnson Mark engaged in collection activities to attempt to collect the Debt.

45.     Johnson Mark is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

46.     At all relevant times, Johnson Mark was engaged in "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

47.     After being engaged by LVNV, Johnson Mark engage in collection activities to attempt to collect the Debt.

48.     On or about July 22, 2025, Johnson Mark mailed Plaintiff a letter (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit A.

49.     The Collection Letter was Johnson Mark's initial communication with Plaintiff made in connection with the collection of the Debt.

50.     The Collection Letter was a communication in connection with the collection of the Debt.

51.     The Collection Letter communicated various information about the Debt, including that the debt was originally to the Original Creditor, the balance of the Debt, and a breakdown of the amounts LVNV alleged Plaintiff owed.

52.     Plaintiff read the Collection Letter

53.     The Collection Letter stated: "Call or write to us by August 21, 2025, to dispute all or part of the debt. If you do not, we will assume that our information is correct."

54.     August 21, 2025, is exactly thirty (30) days from the mailing date of July 22, 2025.

55.     FDCPA section 1692g requires debt collectors to provide consumers with a written "validation notice" to ensure consumers receive accurate information about the debt, the creditor's name, and their right to dispute the debt during the validation period.

56.     Specifically, FDCPA section 1692g(a) provides as follows:

(a)     **Notice of debt; contents**

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector <u>shall</u>**, unless the following information is contained in the initial communication or the consumer has paid the debt, **send the consumer a written notice containing—**

> (1)     the amount of the debt;

> (2)     the name of the creditor to whom the debt is owed;

> (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4)     **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt**, or any **portion thereof, is disputed, the debt collector will obtain verification of the debt** or a copy of a judgment against the

9

consumer **and a copy of such verification** or judgment **will be mailed to the consumer by the debt collector**; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 .S.C. § 1692g(a) (emphasis added).

57.    Debt validation is a federally protected right to require a debt collector to prove that the debt it is trying to collect is legitimate.

58.    Section 1692g exists because the debt collection industry is full of errors — wrong amounts, wrong people, debts that have already been paid, and debts that were never owed in the first place.

59.    The FDCPA requires that a consumer be given thirty (30) days from receipt of the initial communication—not from mailing—to dispute a debt. 15 U.S.C. § 1692g(a)(3).

60.    By setting the dispute deadline as thirty days from mailing rather than thirty days from receipt, Johnson Mark truncated Plaintiff's validation period by the time it takes for mail to be delivered, which is presumed to be approximately five (5) days under federal law.

61.    The Collection Letter's statement that Johnson Mark would "assume that our information is correct" if Plaintiff did not dispute by the truncated deadline falsely implied that Plaintiff's silence would constitute an admission, further pressuring Plaintiff to respond within the unlawfully shortened timeframe.

62.    Johnson Mark's truncated validation notice was not an isolated error but the product of a standardized form letter and automated mailing system used systematically across its collection operations.

63.    Johnson Mark's policies and procedures for calculating the validation period fail to account for the five-day mailbox rule required by 15 U.S.C. § 1692g(b), thereby systematically depriving consumers of their full statutory rights.

64. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671 (D.N.M. 2009).

65. Automated systems producing unlawful communications expose collectors to liability for the systemic failure itself. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015).

66. Johnson Mark's collection efforts, including, but not limited to its Collection Letter, caused Plaintiff emotional distress in the form of frustration, annoyance, aggravation and anxiety.

67. Johnson Mark's collection efforts also intruded upon Plaintiff's privacy.

68. In addition, when Johnson Mark contacted Plaintiff, it occupied Plaintiff's time and attention such that Plaintiff was unable to attend to other matters.

69. Johnson Mark's communications also forced Plaintiff to lose time by having to tend to Johnson Mark's unwanted contacts.

70. Plaintiff has suffered concrete harm as a result of Johnson Mark's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection communications, emotional distress, and lost time.

## VII. CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1692g(a)

71. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

72. The FDCPA requires that a debt collector provide consumers with a written notice containing, among other things, a statement that the consumer has thirty (30) days after receipt of the notice to dispute the validity of the debt. 15 U.S.C. § 1692g(a)(3).

73.     By stating a dispute deadline calculated from the mailing date rather than the receipt date, Johnson Marks failed to effectively provide Plaintiff with the full thirty-day validation period required by Section 1692g(a)(3).

74.     As a result of Defendant's violation, Plaintiff is entitled to actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT II**
**Violation of 15 U.S.C. § 1692e**

75.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

76.     The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

77.     Johnson Mark's Collection Letter was false and misleading because it stated a dispute deadline that did not accurately reflect the consumer's rights under federal law.

78.     The Collection Letter was further false and misleading because it stated that Johnson Mark would "assume that our information is correct" if Plaintiff did not dispute by the truncated deadline, implying legal consequences for failing to act within an unlawfully shortened period.

79.     Johnson Mark's statements were material because it influenced Plaintiff's federal protected rights and misinformed her of the manner and time by which she must enforce those rights.

80.     As a result of Johnson Mark's violations, Plaintiff is entitled to actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
### Violation of 15 U.S.C. § 1692d

81.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

82.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

83.     A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671 (D.N.M. 2009); *see also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Pa. Aug. 1, 2013).

84.     Johnson Mark's policies and procedures, as described herein, constitute "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

85.     Johnson Mark's practice, therefore, violates Section 1692d of the FDCPA.

86.     As a result of Johnson Mark's violations, Plaintiff is entitled to actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692.

## COUNT IV
### Violation of the Texas Debt Collection Act

87.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

88.     Johnson Mark violated Tex. Fin. Code § 392.304(a)(19) by using false representations and deceptive means to collect the alleged debt, specifically by truncating Plaintiff's validation period and implying that silence would constitute an admission.

13

89.    Johnson Mark violated Tex. Fin. Code § 392.303(a)(8) by misrepresenting the character, extent, or amount of a consumer debt, or of its status in any legal proceeding.

## COUNT V
### Violation of the Texas Deceptive Trade Practices Act

90.    Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

91.    Pursuant to Tex. Fin. Code § 392.404(a), a violation of the Texas Debt Collection Act is a deceptive trade practice under Tex. Bus. & Com. Code § 17.50 and is actionable under the DTPA.

92.    Johnson Mark's violations of the TDCA, as set forth above, constitute violations of the DTPA.

93.    Plaintiff is entitled to recover actual damages, court costs, and reasonable attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(b).

94.    If Johnson Mark's conduct is found to have been committed knowingly or intentionally, Plaintiff is entitled to treble damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(1).

## VIII.   DEMAND FOR JURY TRIAL

95.    Plaintiff hereby requests a trial by jury on all issues triable by right to a jury.

## IX.    RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for the following relief:

   a.    An order certifying this case to proceed as a class action;

   b.    Designation of Plaintiff as the Class representative, and designating the undersigned as counsel for the Class;

   c.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   d.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

14

e.      Actual damages, court costs, and reasonable attorney's fees pursuant to Tex. Fin. Code § 392.403;

f.      Actual damages, court costs, reasonable attorney's fees, and if applicable, treble damages, pursuant to Tex. Bus. & Com. Code § 17.50;

g.      Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

h.      Such other and further relief as the Court deems just and proper.

Dated: July 14, 2026

*/s/ Daniel J. Ciment*

Daniel Ciment
CIMENT LAW FIRM, PLLC
400 E. Weatherford St.
Fort Worth, TX 76102
833-663-3289, ext. 1001
Daniel@cimentlawfirm.com

-and-

Seth McCormick (ARDC # 6309643)
Jennifer Lloyd (ARDC #6339301)
HARRER LAW, P.C.
COOK #102120 | DUPAGE #362944
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3240
rob@harrerlaw.com
seth@harrerlaw.com
jennifer@harrerlaw.com

*Attorneys for Plaintiff*

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to him.

These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

s/    *Seth McCormick*
Seth McCormick